Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**Hyde & Swigart APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:        (619) 233-7770
Office Fax Number:        (619) 297-1022


*Attorney for Plaintiff*
Jessica Muir

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jessica Muir | **CASE NO.: 3:16-CV-03049-JLS-BGS** |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S DEFAULT JUDGMENT** |
| National Credit Adjusters, LLC | |
| Defendant. | **NO ORAL ARGUMENT UNLESS REQUEST BY THE COURT** |
| | **Hon. Janis L. Sammartino** |

Plaintiff's Memorandum in Support of Plaintiff's Default Judgment
Case No.: 3:16-CV-03049-JLS-BGS

# TABLE OF CONTENTS

I. INTRODUCTION……….………………………………………..1

II. PROCEDURAL HISTORY………………...………………………...1

II. FACTUAL ALLEGATIONS………………………………………….2

III. ARGUMENT………………………………………………….4

    A. Legal standard………………………………………………….4

    B. Default Judgment is Warranted Based Upon Plaintiff's Allegations Set Forth In Her Complaint…………………………....………………5

        1. Defendant's Illegal Conduct Violated the Electronic Funds Transfer Act…………………………………………........5

        2. Defendant's Illegal Conduct Violated FDCPA and the RFDCPA………………………………………………7

        3. Plaintiff is Entitled to Recover Her Emotional Distress Damages Under FDCPA and RFDCPA……...……………10

            i. The amount sought for actual damages is reasonable in these circumstances ………………………...…..12

            ii. Courts Awarded Similar Recovery For Emotional Distress Damages To Plaintiffs With Similar Allegations………………………………………...12

        4. Plaintiff is Entitled to Reasonable Attorneys' Fees and Costs from Defendant………………………………………...15

        5. Attorneys' Fees Should be Calculated Pursuant to the Lodestar Formula ………………………………………17

            i. Plaintiff's attorneys' Hourly Rate is Reasonable….18

            ii. Plaintiff's Counsel's Reasonable Hours Expended and Costs Incurred……………………………...19

V. CONCLUSION………………………………………...………20

Plaintiff's Memorandum in Support of Plaintiff's Default Judgment
Case No.: 3:16-CV-03049-JLS-BGS

**Cases**

*Alkan v. Citimortgage, Inc.,*
336 F.Supp.2d 1061, 1065 (N.D. Cal. 2004)...............................................................8

*Baruch v. Healthcare Receivable Management, Inc.,*
2007 U.S. Dist. LEXIS 80429, 2007 WL 3232090 (E.D.N.Y. 2007) ...........................13

*Booth v. Collection Experts, Inc.,*
969 F. Supp. 1161 (E.D. Wis. 1997) .......................................................................15

*Buckhannon Bd. And Care Home, Inc. v. VA Dep't. of Health,*
532 U.S. 598, 603 (2001)........................................................................................15

*Chiverton v. Federal Financial Group, Inc.,*
399 F. Supp.2d 96 (D. Conn., 2005)........................................................................14

*City of Burlington v. Dague,*
112 S.Ct. 2638, 2641 (1992)...................................................................................18

*Cooper v. Ellis Crosby & Assoc., Inc.,*
2007 U.S. Dist. LEXIS 35201, 2007 WL 1322380 (D. Conn. 2003)...........................13

*Cope v. Duggins,*
203 F. Supp. 2d 650 (E.D. La 2002) ........................................................................15

*Cortez v. Trans Union Corp.,*
1997 WL 7568 (N.D. Ill. Jan. 3, 1997) .....................................................................16

*DeJesus v. Banco Popular de Puerto Rico,*
918 F.2d 232, 234 (1st Cir. 1990)............................................................................18

*Eitel v. McCool,*
782 F.2d 1470, 1471-72 (9th cir. 1986) .....................................................................4

*Gillette v. Gaming Entm't,*
No. 1:15-cv-1040, 2016 WL 4919992 at *4
(S.D. Ind. Sept 14, 2016) ..........................................................................................7

*Gonzales v. Arrow Fin. Serv., LLC,*
660 F.3d 1055, 1062 n. 6 (9th Cir. 2011) ........................................................... 9

*Graziano v. Harrison,*
950 F.2d 107, 113 (3rd Cir. 1991) ................................................................... 17

*Graziano v. Harrison,*
950 F.2d 107, 113-14 (3d Cir. 1991) ................................................................ 15

*Hensley v. Eckerhart,*
461 U.S. 424, 430 n. 3 (1983) ................................................................... 17, 18

*Hosseinzadeh v. M.R.S. Assoc.,*
387 F.Supp.2d 1104, 1118 (C.D. Cal. 2005) ...................................................... 7

*In re DirecT Early Cancellation Litigation,*
738 F. Supp. 2d 1062, 1091 (C.D. Cal. 2010) .................................................... 6

*Independent Federation of Flight Attendants v. Zipes,*
491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) ................................... 18

*Johnson v. Eaton,*
80 F.3d 148 (5th Cir. 1996) ............................................................................ 15

*Kajbos v. Maximum Recover Solutions, Inc,*
2010 U.S. Dist. LEXIS 142690, 2010 WL 2035788, at *3 (D.Ariz. 2010) ................. 14

*Keane v. National Bureau of Collections, Clearinghouse*
*No. 35,923* (D. Md. 1983) ............................................................................. 12

*Mace v. Van Ru Credit,*
109 F.3d 338, 344 N.3 (7th Cir. 1997) ............................................................ 17

*Miranda v. Law Office of D. Scott Carruthers,*
2011 WL 2037556, *4 (E.D. Cal. May 23, 2011) ................................................. 7

*Mirshafiei v. Legal Recovery Law Offices, Inc.,*
15-873-CJC(DFM) *8 (C.D. Cal. Oct. 5, 2016) ................................................... 8

*Northcross v. Memphis Bd. Of Education,*
412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973) .......................... 18

*Norton v. Wilshire Credit Corp.*,
36 F. Supp. 2d 216 (D.N.J. 1999) ........................................................... 16

*Perkons v. American Acceptance, LLC.*,
2010 U.S. Dist. LEXIS 125711, 2010 WL 4922916 (D. Ariz. 2010) ........................... 13

*Piekarski v. Home Owners Savings Bank, F.S.B.*,
755 F. Supp. 859, 863 (D. Minn 1991) ................................................... 18

*Piples v. Credit Bureau of Lockport, Inc.*,
886 F.2d 22, 28 (2d Cir. 1989) ........................................................... 17

*Riter v. Moss & Bloomberg, Ltd.*,
2000 U.S. Dist. LEXIS 14470 (N.D. Ill. Sept. 26, 2000) ..................................... 16

*Simpson v. Sheahan*,
104 F.3d 998, (7th Cir. 1997) ............................................................. 18

*Smith v. Law Offices of Mitchell N. Kay*,
762 F. Supp. 82 (D. Del. 1991) ........................................................... 15

*Thomson v. Wooster*,
114 U.S. 104 (1885) ........................................................................ 5

*Tong v. Capital Management Services Group, Inc.*,
520 F.Supp.2d 1145, 1149 (N.D. Cal. 2007) ............................................... 8

*Tolentino v. Friedman*,
*46 F.3d 645 (7th Cir. 1995)*,
*cert. denied, 515 U.S. 1160 (1995)* ...................................................... 15

*Townsend v. National Arbitration Forum, Inc.*,
2012 WL 12736, *8 (C.D. Cal. Jan. 4 2012) ............................................... 7

*Turner v. Cook*,
362 F.3d 1219, 1227-28 (9th Cir. 2004) .................................................. 7

*United States v. Boyce*,
148 F. Supp. 2d 1069, 1093 (S.D. Cal. 2001) .............................................. 4

*United States v. Flynn (In re Flynn)*,
185 B.R. 89, 93 (S.D. Ga. 1995) ............................................................ 13

*Wade v. Regional Credit Association*,
87 F.3d 1098 , 1100 (9th Cir. 1996) ........................................................ 9

*Zagorski v. Midwest Billing Services, Inc.*,
128 F.3d 1164, 1167 (7th Cir. 1997) ...................................................... 16

**Statutes**

15 U.S.C. § 1692a(2), ............................................................................. 2

15 U.S.C. § 1692a(5) ............................................................................. 2

15 U.S.C. § 1692e ............................................................................. 8, 9

15 U.S.C. § 1692f(1) ............................................................................. 9

15 U.S.C. § 1692k(a)(3) ........................................................................ 15

15 U.S.C. § 1693a(10) ............................................................................ 6

15 U.S.C. § 1693e ................................................................................. 6

15 U.S.C. § 1693m(3) ............................................................................ 16

15 U.S.C. § 1693m(a) ............................................................................ 15

15 U.S.C. § 1693m(a). ......................................................................... 6, 7

15 U.S.C. §1692k(a)(3) ......................................................................... 16

15 U.S.C.1692e ............................................................................... 8, 9

15 U.S.C.1692e(5) ........................................................................... 8, 9

15 U.S.C.1692e(10) .......................................................................... 8, 9

15 U.S.C.1692f ............................................................................... 8, 9

15 U.S.C.1692g ................................................................................................ 8, 10

Cal. Civ. Code § 1788.1(a)-(b) ........................................................................... 11

Cal. Civ. Code § 1788.17 ................................................................................ 3, 7

Cal. Civ. Code § 1788.2(b) .................................................................................. 2

Cal. Civ. Code § 1788.2(d) .................................................................................. 2

Cal. Civ. Code § 1788.30(c). ......................................................................... 15, 16

Cal. Civ. Code 1788.17 ........................................................................................ 8

**Rules**

Cal. Civ. Proc. § 706.050 ..................................................................................... 8

Fed. R. Civ. P. 8(b)(6) ......................................................................................... 5

Fed. R. Civ. P. 55(b)(2) ....................................................................................... 4

## I. INTRODUCTION

Plaintiff, Jessica Muir, submits this Memorandum of Law in Support of her application for a Default Judgment against Defendant National Credit Adjusters, LLC (hereinafter "Defendant"). Plaintiff submits on the pleadings and requests no oral arguments unless required by the Court.

## II. PROCEDURAL HISTORY

Plaintiff filed this suit against Defendant National Credit Adjusters ("Defendant"), for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (FDCPA), the Electronic Fund Transfers Act, 15 U.S.C. 1693 et seq. (EFTA), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788 et seq. (RFDCPA), a state statute modeled after the FDCPA, against Defendant National Credit Adjusters (hereinafter "Defendant").

On December 22, 2016, Defendant was served with a Summons and Complaint. [Dkt. 3]. Defendant's answer was due February 20, 2017. Fed. R. Civ. P. 12. On May 12, 2017, Plaintiff filed a Request for Entry of Clerk Default, which was subsequently granted by the Clerk on May 15 2017. [Dkt. 5].

Plaintiff now files her motion for default judgment seeking to recover her actual and statutory damages, attorneys' fees, and litigation costs. *See* Declaration of Joshua B. Swigart ("Swigart Decl.") and Declaration of Yana A. Hart ("Hart Decl.") filed concurrently.

Plaintiff's Memorandum in Support of Plaintiff's Default Judgment
Case No.: 3:16-CV-03049-JLS-BGS

## III. FACTUAL ALLEGATIONS

Sometime before December 18, 2015, Plaintiff is alleged to have incurred certain financial obligations to "Rise" for personal consumer loan. Compl. ¶ 28 (Dkt. 1). These financial obligations were primarily for personal, family, or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). *Id.* ¶ 29. These alleged obligations were money, property, or their equivalent, which is due and owing, or alleged to be due or owing from natural person to another person, and are, therefore, a "debt" as that term as defined by Cal. Civ. Code § 1788.2(d), and a "consumer debt" as the term is defined by Cal. Civ. Code § 1788.2(f). Sometime thereafter, but prior to December 18, 2015, Plaintiff allegedly feel behind in the payments owed on the alleged debt. *Id.* ¶ 31. Subsequently, but before December 18, 2015, the debt was assigned, placed, or otherwise transferred to Defendant for collection. *Id.* ¶ 32.

On or about December 18, 2015, Defendant telephoned Plaintiff demanding a payment of the alleged debt. *Id.* ¶ 34. Defendant's telephone call on December 18, 2016, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a). *Id.* ¶ 34. This communication was a "debt collection" as defined by Cal. Civ. Code § 1788.2(b), and an "initial communication" as defined by Cal. Civ. Code § 1812.700(b). During this call Defendant intimidated and coerced Plaintiff into offering payments toward the alleged debt. *Id.* ¶¶ 36-37. Defendant implied that if Plaintiff did not submit payment, then Defendant would automatically garnish

Plaintiff's wages. *Id.* Feeling coerced, Plaintiff agreed to pay $50.00 per month by electronic debit. *Id.* ¶¶ 41. Further, Defendant failed to provide Plaintiff with a written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputes the validity of the debt, or any portion thereof, Defendant would assume that the debt was valid, and other mandatory disclosures pursuant to 15 U.S.C. § 1692g and the Rosenthal Act, Cal. Civ. Code § 1788.17 through incorporation. *Id.* ¶ 56.

Thereafter, Defendant began withdrawing from Plaintiff's account $50.00/month. *Id.* ¶ 58. Defendant's electronic debit withdrawals of $50.00 per a month constitute a "preauthorized electronic fund transfers" as defined by 15 U.S.C. § 1693a(10). *Id.* ¶¶ 43-44. Defendant never obtained a written authorization to withdraw from Plaintiff's account $50.00 on monthly basis, as required by the EFTA for any preauthorized electronic fund transfers that are intended to recur at substantially regular intervals. *Id.* ¶¶ 43-48. Nevertheless, Defendant debited $50.00 monthly from February through June 2016 from Plaintiff's bank account. *Id.* at ¶ 55.

In or around July of 2016, Defendant contacted Plaintiff by telephone and requested Plaintiff to send payments greater than the $50.00, or risk further collection actions, such as garnishing wages. *Id.* ¶¶ 54-55, 64. Defendant's request was contradictory to the discussions that Plaintiff and Defendant had in December 2015. *Id.* at ¶ 67. As a result of Defendant's actions, Plaintiff suffered

actual damages in the form of mental anguish, stress anxiety, sleeplessness, nervousness, restlessness, irritability, frustration, and anger all impacting her work and personal relationships. *Id.* at ¶ 72.

## IV. ARGUMENT

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows for entry of default judgment by the Court. "A plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." *United States v. Boyce*, 148 F. Supp. 2d 1069, 1093 (S.D. Cal. 2001) (citations omitted). In exercising that discretion, courts consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id*. (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In this case, the Court should have no doubt about the propriety of entering a default judgment against the Defendant. There is no question that Defendant is aware of the pending action, yet it refused to appear to defend the lawsuit. Plaintiff served Defendant's registered agent on December 22, 2016, and filed the Proof of Service with this court on February 20, 2017. *See* Dkt. 3. Further, a substantial

amount of time has lapsed between the time Defendant was served a summons and complaint and entering its default and this instant motion for default judgment. *See* Dkt. 5. Further, Defendant was again notified of Plaintiff's request to enter a default on or about May 15, 2017, and after more than six (6) months passed, Defendant failed to respond. *See* Dkt. 5-1; *see also* Declaration of Joshua B. Swigart ("Swigart Decl.") ¶ 13.

In spite of a significant time lapse, Defendant still declines to defend its interests in this case, acknowledge this Court with regard to the entry of default, or contact Plaintiff's counsel. Moreover, Plaintiff's Complaint adequately states a claim against Defendant for violations of the EFTA, FDCPA and RFDCPA. [Dkt. 1]. Accordingly, the Court should grant Plaintiff's request for default judgment against Defendant.

**B.    DEFAULT JUDGMENT IS WARRANTED BASED UPON PLAINTIFF'S ALLEGATIONS SET FORTH IN HER COMPLAINT.**

When default judgment is entered, facts alleged in the complaint may not be later contested. *See Thomson v. Wooster,* 114 U.S. 104 (1885); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied.").

**1.    Defendant's Illegal Conduct Violated Electronic Funds Transfer Act ("EFTA").**

The EFTA provides that "[a] [reauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of

such authorization shall be provided to the consumer when made." 15 U.S.C. § 1693e.

An electronic fund transfer is

> any transfer of funds, other than a transaction originated by
> check, draft, or similar paper instrument, which is initiated
> through an electronic terminal, telephonic instrument, or
> computer or magnetic tape so as to order, instruct, or
> authorize a financial institution to debit or credit an account.
> Such term includes, but is not limited to, point-of-sale
> transfers, automated teller machine transactions, direct
> deposits or withdrawals of funds, and transfers initiated by
> telephone.
> 15 U.S.C. § 1693a(7).

A "preauthorized electronic fund transfer" is an electronic fund transfer "authorized in advance to recur at substantially regular intervals[.]" 15 U.S.C. § 1693a(10). Any person who fails to comply with the EFTA's requirements with respect to any consumer is liable for the consumer's actual damages and statutory damages of $100 to $1000, in addition to costs and attorney's fees. 15 U.S.C. § 1693m(a).

Here, Plaintiff sufficiently stated a claim for relief under the EFTA. Plaintiff specifically alleged that Defendant failed to obtain her written authorization, or to provide her with a copy of her written authorization for preauthorized electronic fund transfers. *See* Compl. ¶¶ 47, 48. Defendant, thereafter, charged Plaintiff on December 18, 2016, January 19, 2016, February 19, 2016, March 18, 2016, April 18, 2016, May 18, 2016, and June 20, 2016. *Id.* at ¶ 58. Thus, Plaintiff sufficiently alleged a *preauthorized* electronic fund transfer, which requires a recurring payment schedule. *See e.g. In re DirecT Early Cancellation Litigation,* 738 F. Supp. 2d 1062, 1091 (C.D. Cal. 2010); *see*

*also Gillette v. Gaming Entm't,* No. 1:15-cv-1040, 2016 WL 4919992 at \*4 (S.D. Ind. Sept 14, 2016).

Since EFTA authorizes actual damages, statutory damages, costs, and attorney's fees, to a successful plaintiff, here Plaintiff is entitled to her statutory damages of $1,000.00, reasonable attorney's fees as fully discussed below, and costs of litigation. 15 U.S.C. § 1693m(a). There is no mitigating evidence or argument from Defendant, and thus, full statutory damages of $1,000 are appropriate. Thus, Plaintiff is entitled to recover $1,000.00 from Defendant for Defendant's EFTA violation.

## 2. Defendant's Illegal Conduct Violated FDCPA and the RFDCPA

When alleging a claim under the FDCPA and/or RFDCPA, a plaintiff must establish that (1) the plaintiff is a "debtor"; (2) who was the object of a collection activity arising from a "consumer debt"; (3) the defendant is a "debt collector"; and, (4) the defendant violated a provision of the FDCPA and/or RFDCPA. *Townsend v. National Arbitration Forum, Inc.,* 2012 WL 12736, \*8 (C.D. Cal. Jan. 4 2012) (citing *Miranda v. Law Office of D. Scott Carruthers,* 2011 WL 2037556, \*4 (E.D. Cal. May 23, 2011); *Turner v. Cook,* 362 F.3d 1219, 1227-28 (9th Cir. 2004)). The provisions of the FDCPA are incorporated in the RFDCPA under Cal. Civ. Code § 1788.17; consequently, conduct by a debt collector that violates the FDCPA violates the RFDCPA as well. *See* Cal. Civ. Code § 1788.17; *see also, Hosseinzadeh v. M.R.S. Assoc.,* 387 F.Supp.2d 1104, 1118 (C.D. Cal. 2005); *Tong v. Capital Management Services Group, Inc.,* 520 F.Supp.2d

1145, 1149 (N.D. Cal. 2007); *Alkan v. Citimortgage, Inc.,* 336 F.Supp.2d 1061, 1065 (N.D. Cal. 2004).

Here, Plaintiff sufficiently alleged that Plaintiff is a "debtor," the object of collection activity arose from a "consumer debt," and Defendant was a "debt collector." *See* Compl. ¶¶ 16-20, 29, 34-35. Plaintiff also sufficiently alleged that Defendant violated 15 U.S.C. § 1692e, 1692e(5), 1692e(10), 1692f, 1692g and the RFDCPA through incorporation of Cal. Civ. Code 1788.17.

§ 1692e Violations

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e, 1692e(10); *see also Mirshafiei v. Legal Recovery Law Offices, Inc.,* 15-873-CJC(DFM) *8 (C.D. Cal. Oct. 5, 2016). Further, the FDCPA prohibits debt collectors from taking actions that cannot legally be taken. § 1692e(5). Here, Defendant as discussed above, was not authorized to repeatedly charge Plaintiff's card without a written authorization by Plaintiff. 15 U.S.C. § 1693 et seq. Nevertheless, Defendant without having a written authorization from Plaintiff, charged Plaintiff $ 350.00 (at $50.00/month for seven months). Comp. ¶ 58. Further, Defendant also implied that it would take further collection action if Plaintiff failed to provide Defendant with her credit card information, such as garnishing wages. Comp. ¶¶ 65, 66. Without a judgment, Defendant could not legally garnish Plaintiff's wages. Cal. Civ. Proc. § 706.050. Thus, Defendant took an action it could not legally take in violation of 15 U.S.C. § 1692e,

1692e(10), and 1692e(5). *See Gonzales v. Arrow Fin. Serv., LLC,* 660 F.3d 1055, 1062 n. 6 (9th Cir. 2011) ("[A] violation of section [1692]e(5) is a *per se* violation of section e(10)[].").

Additionally, in July of 2016, Defendant demanded a payment larger than $50.00, contrary to its prior representations that Plaintiff will only be obligated to pay $50.00/month. Consequently, Defendant used a myriad of deceptive means in attempt to collect on the alleged debt.

Therefore, Defendant's conduct violated § 1692 e, 1692e(5), and 1692e(10).

§ 1692f Violations

Further, 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute enumerates conduct that may constitute a violation of 15 U.S.C. § 1692f but does not limit the general applicability of the language quoted above to the types of conduct specifically described in the statute. 15 U.S.C. § 1692f(1) prohibits "[t]he collection of any amount . . . unless such amount is *expressly authorized by the agreement creating the debt* or permitted by law." 15 U.S.C. § 1692f(1). The "least sophisticated debtor" standard applies to questions of violations of § 1692f et seq. *Wade v. Regional Credit Association*, 87 F.3d 1098 , 1100 (9th Cir. 1996). Thus, Defendant's conduct also violated 15 U.S.C. § 1692f since Defendant withdrew amounts it was not permitted to withdraw. Further, Defendant's unilateral changes of the amount it requested Plaintiff to

pay (from $50 to a greater sum), also constitute unconscionable practices violative of §

1692f. Comp. ¶¶ 65-68.

§ 1692g Violations

The FDCPA also requires a debt collector after its initial communication to

provide consumer with a notice within five (5) days after its initial correspondence with

certain mandatory language required by § 1692g. The Defendant here failed to provide

Plaintiff with the mandatory disclosures of Plaintiff's rights as required by § 1692g, and

thus also violated both the FDCPA and RFDCPA through incorporation. *See* Compl. ¶¶

34, 35, 56.

Thus, Defendant violated both the FDCPA and RFDCPA through incorporation.

The statutory damages pursuant to the FDCPA and the RFDCPA are up to $2,000.00

total. 15 U.S.C. § 1692k(a)(2)(A); Cal. Civ. Code 1788.30(b). Both the FDCPA and

RFDCPA also allow prevailing party to recover reasonable attorney fees and costs, which

are discussed below. *Id.*

Therefore, Plaintiff is entitled to recover $2,000.00 in her statutory damages for

Defendant's violation of the FDCPA and RFDCPA.

**3.     Plaintiff is Entitled to Recover Her Emotional Distress Damages Under FDCPA and RFDCPA.**

The United States Congress has found abundant evidence of the use of abusive,

deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to the number of personal

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. Cal. Civ. Code § 1788.1(a)-(b).

Damages for emotional distress may be recovered under the FDCPA without proving the elements of a state tort.  *Wenrich v. Robert E. Cole, P.C.*, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).   Under the FDCPA actual damages for emotional distress may be proved independently of the state law requirements of proof for the tort of intentional infliction of emotional distress.  *Grassley v. Debt Collectors, Inc.*, 1992 U.S. Dist. LEXIS 22782 (D. Or. Dec. 14, 1992). Further, neither proof of physical injury nor extreme or outrageous conduct is necessary to support damages for

emotional distress under the FDCPA where the violation was intentional. *Keane v. National Bureau of Collections, Clearinghouse No. 35,923* (D. Md. 1983).

### i. The Amount Sought for Actual damages is reasonable in these circumstances.

Here, Plaintiff was forced to endure harassment and abuse from Defendants repeated abusive, misleading, and harassing conduct of Plaintiff. This conduct was not engaged in by accident, but was a deliberate approach to intimidate and extort money from Plaintiff. Compl. ¶¶ 36-37. This conduct was deceptive, oppressive, and unconscionable, which warrants an award of actual damages. As discussed above, Defendant first coerced Plaintiff into making a payment by implying that it could garnish Plaintiff's wages. *Id.* Defendant then failed to provide Plaintiff with a written authorization for monthly withdrawals from Plaintiff's bank account pursuant to EFTA. *Id.* ¶ 44-48. Subsequently, Defendant demanded a larger payment from Plaintiff, who could not afford to pay more than $50.00/month. Comp. ¶ 68. As a result of Defendant's repeatedly abusive, misleading, and harassing conduct, Plaintiff suffered actual damages in the form of mental anguish, stress anxiety, sleeplessness, nervousness, restlessness, irritability, frustration, and anger all impacting her work and personal relationships. Compl. ¶ 72.

Thus, here, Plaintiff is entitled to actual damages in the amount of $500.00 for her emotional distress.

## ii. Courts Awarded Similar Recovery For Emotional Distress Damages To Plaintiffs With Similar Allegations.

Further, in similar cases, courts awarded amounts of approximately $5,000 for emotional distress damages under the circumstances. S*ee Perkons v. American Acceptance, LLC.*, 2010 U.S. Dist. LEXIS 125711, 2010 WL 4922916 (D. Ariz. 2010) (awarding $5,000 in emotional distress damages when Plaintiff suffered stress, anxiety, sleeplessness, depression, and weight gain resulting in a heart condition and migraines in FDCPA matter); *Baruch v. Healthcare Receivable Management, Inc.*, 2007 U.S. Dist. LEXIS 80429, 2007 WL 3232090 (E.D.N.Y. 2007) (awarding $5,000 for emotional distress damages when consumer received numerous threatening telephone calls and letters and as a result lost sleep, became depressed and suffered heart problems); *Cooper v. Ellis Crosby & Assoc., Inc.*, 2007 U.S. Dist. LEXIS 35201, 2007 WL 1322380 (D. Conn. 2003) (awarding $3,000 in emotional distress damages when debt collector misrepresented he was an investigator from the bank, threatened to call Plaintiff's boss and to subpoena Plaintiff's hard drive on her computer); *Chiverton v. Fed. Finance Group Inc.*, 399 F. Supp. 2d 96 (D. Conn. 2005) (awarding damages of $5,000 for consumer's emotional distress under the FDCPA for debt collection practices that lasted over a period of several months which included repeated phone calls to consumer's workplace, leading consumer to fear losing his job, as well as directly contacting consumer's supervisor); *see also United States v. Flynn (In re Flynn)*, 185 B.R. 89, 93 (S.D. Ga. 1995) (affirming $5,000 award of emotional distress damages in a bankruptcy matter, with no mention of corroborating testimony, because "it is clear that appellee

suffered emotional harm" when she was forced to cancel her son's birthday party because her checking account had been frozen, even though the stay violation was brief and not egregious); *see also Chiverton v. Federal Financial Group, Inc.*, 399 F. Supp.2d 96 (D. Conn., 2005)(awarding full statutory damages and $5,000.00 in actual damages on default judgment for collection on a satisfied debt and repeated collection calls to the plaintiff's workplace, where plaintiff alleged that plaintiff suffered nervousness and anxiety).

In *Kajbos v. Maximum Recover Solutions, Inc,* 2010 U.S. Dist. LEXIS 142690, 2010 WL 2035788, at *3 (D.Ariz. 2010), the court awarded $5,000 in actual damages to a plaintiff as a result of defendant's unconscionable and unfair collection efforts. In *Kajbos,* plaintiff alleged that defendant left multiple messages threatening litigation. *See id.* * 1-2. As a result of defendant's threats of filing a lawsuit, plaintiff suffered emotional distress and mental anguish resulted in a fear of answering the telephone, sleeplessness, feelings of hopelessness, pessimism, and nervousness which impacted jobs, personal relationships, and created marital instability. *Id.* * 5. The Court in *Kajbos,* held that plaintiff's request of $5,000 in actual damages in addition to statutory damages was reasonable based on defendant's conduct.

Here, similarly to plaintiff in *Kajbos,* Plaintiff here suffered emotional harm as a result of Defendant's unfair and unconscionable collection efforts, coercive practices, and threats of garnishing wages. Thus, the amount sought by Plaintiff is reasonable, and Plaintiff is entitled to $500.00 for her emotional distress damages.

**4.     Plaintiff is entitled to Reasonable Attorneys' Fees and Costs from Defendant**

The Supreme Court has defined a "prevailing party" as the party in whose favor a judgment is rendered. *Buckhannon Bd. And Care Home, Inc. v. VA Dep't. of Health*, 532 U.S. 598, 603 (2001). At the time the default judgment is entered, Plaintiff will be the prevailing party. As the prevailing party to the action, Plaintiff is entitled to an award of attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). Consumers are prevailing parties entitled to an award of attorney's fees and costs for time expended in bringing the action. *Smith v. Law Offices of Mitchell N. Kay*, 762 F. Supp. 82 (D. Del. 1991). The statutory language of the FDCPA, RFDCPA, and EFTA make an award of attorney's fees to the successful consumer mandatory. *Booth v. Collection Experts, Inc.,* 969 F. Supp. 1161 (E.D. Wis. 1997); *Graziano v. Harrison*, 950 F.2d 107, 113-14 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the act should be enforced by debtors acting as private attorney generals"); *see also* 15 U.S.C. § 1692k(a)(3); 15 U.S.C. § 1693m(a); Cal. Civ. Code § 1788.30(c).

''The reason for mandatory fees is that Congress chose a 'private attorney general' approach for enforcement of the FDCPA." *Tolentino v. Friedman,* 46 F.3d 645 (7th Cir. 1995), cert. denied, 515 U.S. 1160 (1995). Attorney's fee awards exceed the damage awards in most cases, and there need be no proportionality between attorney's fees and costs. *Johnson v. Eaton,* 80 F.3d 148 (5th Cir. 1996); *Cope v. Duggins*, 203 F. Supp. 2d 650 (E.D. La 2002); *Silva v.*

*National Telewire Corp.,* 2001 U.S. Dist. LEXIS 20717; *Cortez v. Trans Union Corp.,* 1997 WL 7568 (N.D. Ill. Jan. 3, 1997); *see also Norton v. Wilshire Credit Corp.,* 36 F. Supp. 2d 216 (D.N.J. 1999); *see also, Riter v. Moss & Bloomberg, Ltd.,* 2000 U.S. Dist. LEXIS 14470 (N.D. Ill. Sept. 26, 2000). In other words, fee shifting is central to the congressional goals for the FDCPA and EFTA as can be seen from the statutes and their history.

The FDCPA, the Rosenthal Act, and EFTA mandate the payment of attorney's fees to a successful consumer. The FDCPA states:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of— [actual damages]; [statutory damages]; and;
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. §1692k(a)(3).

Similarly, the RFDCPA states:

> In the case of an action to enforce any liability under this title, the prevailing debtor shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on the time necessarily expended to enforce the liability, shall be awarded to the prevailing debtor. Cal. Civ. Code §1788.30(c).

EFTA also provides:

> . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. § 1693m(3).

The purpose of the fee shifting provisions is to attract competent counsel. *Zagorski v. Midwest Billing Services, Inc.,* 128 F.3d 1164, 1167 (7th Cir. 1997). In

litigation under the FDCPA, an award of reasonable attorney's fees is mandatory, and not discretionary. *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991); *Piples v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fees. . . "); *Mace v. Van Ru Credit*, 109 F.3d 338, 344 N.3 (7th Cir. 1997).

An award of attorney's fees to a successful consumer under these statutes is designed to compensate the consumer for his role in privately enforcing the statutes, and Congress intended that the prevailing consumer recover reasonable attorney's fees. *Graziano*, 950 F.2d 107, 113 (3d Cir. 1991).

Therefore, Plaintiff is entitled to recover her reasonable attorney's fees.

**5. Attorneys' Fees Should Be Calculated Pursuant to the Lodestar Formula.**

In calculating an award of attorney's fees, the Court must first begin with the "lodestar" figure, which is calculated by multiplying the hours reasonably expended times an allowed hourly rate. In *Hensley v. Eckerhart,* 461 U.S. 424, 430 n. 3 (1983), the Court outlined twelve (12) factors a trial court should consider in determining a reasonable attorney fee:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by

the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley,* 461 U.S. at 430 n. 3.

Although *Hensley* was decided in the context of a civil rights case, the lodestar analysis is applicable to all cases involving an attorney's fee shifting statute. *Hensley*, 103 S.Ct. at 1941. The Supreme Court has previously noted that, "We have stated in the past that fee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike."[1] The determination of the allowable hours rests with the sound discretion of the trial court. *Hensley*, 103 S.Ct. at 1941. Determination of the hourly rate by the trial court should consider a rate "commensurate which [counsel] could obtain by taking other types of cases."

### i. Plaintiff's Attorney's Hourly Rate is Reasonable

Plaintiff's Counsel calculated their fees at an hourly rate of $295.00 per hour for associates depending on the associates' experience and expertise, and $605.00 per hour for work billed by the named partner. To support the billing rates, Plaintiff's counsel set forth declarations and prior court findings, demonstrating recognized expertise in this area of consumer litigation. *See* Swigart Decl. ¶¶ 16-

---

[1] *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) (*quoting Northcross v. Memphis Bd. Of Education*, 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973).) *See also City of Burlington v. Dague*, 112 S.Ct. 2638, 2641 (1992) (clean water act case applying lodestar analysis); *Simpson v. Sheahan*, 104 F.3d 998, (7th Cir. 1997) (civil rights case); *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending case); *Piekarski v. Home Owners Savings Bank, F.S.B.*, 755 F. Supp. 859, 863 (D. Minn 1991) (retaliatory discharge case).

36, Hart Decl. ¶¶ 6-24. Hyde & Swigart specializes in consumer protection, including the Fair Debt Collection Practices Act, the Rosenthal Act, and related privacy torts. Swigart Decl. ¶ 30-32. The nature of the FDCPA/RFDCPA/EFTA cases are often complex and require a substantial financial investment by attorneys since consumers frequently cannot afford to "match resources" with defendants to litigate these cases. *Id.* at ¶ 30. This alone would justify a fee rate in excess of our fees charged for completing hourly work.

Plaintiff's Counsel has completed several hours of work in this case, including reviewing documents, researching various issues in the case, preparing the motion for default judgment, and clerical work, emails, messages, etc. After reducing the hours spent on the case by approximately 8 hours of work, Hyde & Swigart has billed a total of 3.5 hours at a rate of $295.00 per hour, and 2 hours at the rate of $605.00. Additionally, costs have included the federal filing fee, process service charges, and photocopy charges for a total of $501.46. Added together, Plaintiff is requesting at total of **$2,743.96** in attorney's fees and costs. *See* Swigart Decl. Exhibit A.

### ii. Plaintiff's Counsel's Reasonable Hours Expended and Costs Incurred

Reasonable billing discretion has been used throughout this case (*See* Swigart Decl. ¶¶ 16, 21). Using reasonable billing discretion, and reducing or not charging for approximately 8 hours of work, Hyde & Swigart has performed a total of 5.5 hours of work in this case for a total of $2,242.50. (*See* Swigart Decl. ¶ 17,

20). Plaintiff's counsel also expended a total of $501.46 in costs, majority of which consist of a filing fee and service of process charges. (*See* Swigart Decl. ¶ 23, Exhibit A).

## V. CONCLUSION

In the present case, Plaintiff requests a total award of $3,500.00 to compensate her for her damages. This amount represents the sum of Plaintiff's actual damages of $500.00, Plaintiff's statutory damages of $1,000.00 under the FDCPA, $1,000.00 under the RFDCPA, and $1,000 under the EFTA. Plaintiff is also entitled to recovery of her reasonable attorney's fees in this matter in the amount of $2,242.50 and costs of $501.46.

Therefore, Plaintiff respectfully requests that this Court awards Plaintiff with a judgment against Defendant for a total amount of $6,243.96.

Date: 01/03/2018                                    Respectfully submitted,

                                                    **Hyde & Swigart APC**

                                                    By: /s/Yana A. Hart
                                                        Yana A. Hart, Esq.
                                                        Attorney for Plaintiff