1  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
2  Yana A. Hart, Esq. (SBN: 306499)
3  yana@westcoastlitigation.com
   **Hyde & Swigart**
4  2221 Camino Del Rio South, Suite 101
5  San Diego, CA 92108
   Office Number:          (619) 233-7770
6  Office Fax Number:      (619) 297-1022
7
8  Attorneys for Jessica Muir

9            **UNITED STATES DISTRICT COURT**
10           **SOUTHERN DISTRICT OF CALIFORNIA**

| Jessica Muir | CASE NO.: 3:16-CV-03049-JLS-BGS |
|---|---|
| Plaintiff, | **DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ATTORNEY'S FEES AND COSTS** |
| v. | |
| National Credit Adjusters, LLC | |
| Defendant.. | |
| | **NO ORAL ARGUMENTS UNLESS REQUESTED BY THE COURT** |
| | **JUDGE: HON. JANIS L. SAMMARTINO** |

## DECLARATION OF JOSHUA B. SWIGART

I, Joshua B. Swigart, hereby declare under penalty of perjury that the following is true and correct:

1. I am the attorney for the Plaintiff, Jessica Muir ("Plaintiff"), in the above-entitled action, and I have been her attorney since the inception of this case.
2. I am licensed to practice law in the United States District Court for the Southern District of California, and all California state courts.
3. I am a member in good standing with the State Bar of California.
4. I have personal knowledge of the information contained in this declaration and could testify to such if called as a witness.
5. I submit this declaration in support of Plaintiff's Motion for Default Judgment and Plaintiff's attorneys' fees and costs.

### CASE HISTORY

6. My firm handled Plaintiff's case from beginning to end.
7. I have been the lead attorney working on Plaintiff's case and reviewing the work by all associate attorneys.
8. The Complaint in this matter was filed on December 16, 2016 against National Credit Adjusters, LLC, a debt collector. [Docket #1].
9. Defendant was served the Summons and Complaint on December 22, 2016. [Docket # 3].
10. To date, Defendant has filed no response to the Complaint with the Court.
11. Our firm waited additional time after the statutory time set forth for Defendant to respond to the Complaint, and attempted to contact Defendant on multiple occasions, however Defendant did not respond to the complaint or file an answer.

12. Our firm subsequently filed a request for Clerk's Entry of Default as to Defendant on May 12, 2017, which was entered on May 15, 2014. [Docket #5, 6].

13. Our firm served Defendant with our request for this Court to enter default on or about May 12, 2017 by mailing to Defendant's two (2) known addresses a copy of Plaintiff's request for entry of default.

14. Our firm attempted again to contact Defendant, and even corresponded with the counsel for Defendant in order to resolve the matter.

15. However, Defendant ceased responding to Plaintiff's Counsel's emails, and made no further attempts to resolve the matter, request default to be set aside, or dispute Plaintiff's allegations.

### HOURS INCURRED AND LITIGATION COSTS

16. I respectfully submit that this firm utilized skill, careful and thorough preparation and investigation through litigation to reach a favorable result for the Plaintiff. After carefully reviewing my firms billing records, I determined that the fees were reasonably incurred in litigating this case to a successful resolution.

17. I have incurred two (2) hours to work on the case, supervising and reviewing the associate attorneys' work, discussing strategies with the associate attorneys, corresponding with the client.

18. My hourly rate for this litigation is $605, and I was approved for an hourly rate of $605 in *Kline v. Post Holdings Inc.*, 3:15-cv-02348-AJB-RBB (S.D.Cal. April 6, 2017; *Oxina v. Lands' End, Inc.*, 3:14-cv-02577-MMA-NLS (S.D. Cal. Dec. 2, 2016); and *Abdeljalil v. GE Capital Retail Bank*, 3:12-cv-02078-JAH-MDD (S.D. Cal. Dec., 2016).

19. I was approved for an hourly rate of $595 in *Sherman v. Kaiser Foundation Health Plan, Inc.* 3:13-cv-00981-JAH-JMA, Dkt. No. 58 (May 12, 2015) and

      *Mount v. Wells Fargo Bank, N.A.*, Case No. B260585 (Court of Appeal of the State of California, Second Appellate District; Feb. 10, 2016), and impliedly so in *Couser v. Apria Healthcare Inc., et al.*, 13-cv-00035-JVS-RNB, Dkt. No. 50 (C.D. Cal. March 9, 2015), and *Lemieux v. EZ Lube, Inc. et al.*, 12-cv-01791-BAS-JLB, Dkt. No. 83 (S.D. Cal.). Thus, I believe my hourly billing rate of $605 is justified.

20. Our Firm also has billed 3.5 hours at the reasonable associates rate of $295.00 per hour for work on this case. (*See* Yana Hart's Declaration).

21. A reduction of approximately (8) hours performed by associate attorneys[1] was taken prior to requesting the attorneys' fees and costs in the instant matter, which consist of the following: reducing the hours billed for reviewing documents, researching various legal issues of the case, meeting with the client, corresponding with the client, drafting of the complaint, as well as not charging for several tasks including clerical work, emails, messages, etc. I reduced the amount based on reasonable billing discretion.

22. My firm is not seeking an award of fees for work performed by paralegals at Hyde & Swigart, whose hours have been zeroed and represent approximately one (1) hour spent on this litigation.

23. My office has incurred a total of $501.46 in costs for this entire action. That amount represents a filing fee, process service fee, copies, and postage.

24. The total amount of fees and costs my office seeks is $ 2,743.96.

25. A Fee Report, detailing all attorney's fees and costs incurred in this matter is available for the Court upon request.

26. Attached to this declaration as **Exhibit "A",** is a true and correct copy of Hyde & Swigart's Costs Report for the instant action detailing all costs incurred in litigating this action through the date of Plaintiff's request for default judgment.

---

[1] The total amount of the reduction exceeds $4,000.

## COUNSEL'S EXPERIENCE IN SUPPORT OF ATTORNEYS' FEES REQUEST

27. I am an attorney admitted to practice in the State of California and am a partner at Hyde & Swigart ("H&S"), which has been retained to represent Plaintiff in the above-captioned matter. I am over the age of 18 and am fully competent to make this declaration. I was admitted to the State Bar of California in 2003 and have been a member in good standing ever since that time. I have litigated consumer cases in both state and federal courts in California, Washington, Arizona, Minnesota, Ohio, Nevada, Colorado, Tennessee and Texas.

28. I am also admitted in every federal district in California and have handled federal litigation in the federal districts of California; including being admitted to the 9th Circuit Court of Appeals.

29. I am a member in good standing of the bars of the State of California, District of Columbia, Washington State, and Michigan.

30. Hyde & Swigart's practice is devoted to the litigation of federal Fair Debt Collection Practices Act ("FDCPA"), California Rosenthal Act, ("Rosenthal Act"), Electronic Fund Transfer Act ("EFTA") matters, and related consumer claims. The nature of the FDCPA/RFDCPA/EFTA cases are often complex and require a substantial financial investment by attorneys since consumers frequently cannot afford to "match resources" with defendants to litigate these cases.

31. My firm has a history of successful prosecution of consumer class actions, specifically under the Fair Debt Collection Practices Act and Telephone Consumer Protection Act.

## HYDE & SWIGART'S EXPERIENCE IN FAIR DEBT COLLECTION PRACTICES ACT CASES

32. Hyde & Swigart has extensive experience in the Fair Debt Collection Practices Act and related consumer statutes. A brief summary of a non-inclusive list of notable published decisions are as follows:

   a. *Engelen v. Erin Capital Management, LLC*, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB)(Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

   b. *Catala v. Resurgent Capital Servs., L.P.*, 08-CV-2401 NLS, 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.)(Co-lead counsel on a class settlement involving the Fair Debt Collection Practices Act);

   c. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005)(Summary judgment was granted *sua sponte* in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

   d. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005)(Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required);

e. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004)(Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA);

f. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

g. *Yang v. DTS Financial Group*, 07-CV-1731-JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

h. *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

i. *Yates v. Allied Intl Credit Corp.*, 578 F. Supp. 2d 1251 (2008) (Holding a debtors claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

j. *Owings v. Hunt & Henriques, et al.*, 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.) (Recognizing that the Service Members Civil Relief Act applies to California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

k. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013)(Holding that failing to properly

list and disclose the identify of the original creditor in a state collection pleading is a violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e)).

### HYDE & SWIGART'S EXPERIENCE IN OTHER CONSUMER CASES

33. Hyde & Swigart has extensive experience in other consumer related issues, including California Penal Code § 632, *et seq.*, the Telephone Consumer Protection Act and other related consumer statutes. A brief summary of a non-inclusive list of notable published decisions are as follows:

   a. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008); (Allowing the original plaintiff who lacked standing in a class action to conduct pre-certification discovery of the identities of potential plaintiffs with standing);

   b. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

   c. *Geoffroy, et al. v. Washington Mutual Bank*, 484 F. Supp. 2d 1115 (S.D. Cal. 2007)(Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

   d. *Bellows v. NCO Financial Systems, Inc.*, 07-CV-01413-W (AJB) (S.D. Cal) (One of the first class action settlements under the TCPA in the nation; Hyde & Swigart served as co-lead counsel; final approval granted in 2009);

e. *Adams v. AllianceOne, Inc.*, 08-CV-0248-JAH (S.D. Cal) (Nationwide TCPA class settlement providing class relief of $40 per claiming class member resulting in over $2,500,000 paid to claiming class members; final approval granted in 2013);

f. *Gutierrez, et al. v. Barclays Group, et al.*, 10-CV-1012-DMS (BGS) (Common fund created in the amount of $8,262,500 based on the receipt of unsolicited text messages; final approval granted in 2012);

g. *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290-IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

h. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284-DMS (BGS) (S.D. Cal.) (finally approved for $11,973,558; awaiting written order finally approving settlement after court finally approved settlement at hearing);

i. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286-MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process);

j. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH (BGS) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process);

k. *Arthur v. SLM Corporation*, 10-CV-00198-JLR (W.D. Wash.) (Nationwide settlement achieving 24.15 million; final approval granted in 2012);

l. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.) (Achieving one of the highest class member payouts in a TCPA action of $1,331.25; final approval granted in 2012);

m. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00; final approval granted in 2013);

n. *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) (Action was transferred to the Northern District of Illinois and settlement was finally approved at $39 million.)

o. *Heinrichs v. Wells Fargo Bank, N.A.*, 13-CV-05434-WHA (N.D. Cal.);

p. *Rose v. Bank of America Inc.*, 11-CV-02390-EJD (N.D. Cal) (National TCPA action achieving a settlement of $32 million, final approval granted in August of 2014.)

q. *Gehrich v. Chase bank USA, N.A.*, 1:12-CV-5510 (N.D. IL) – (preliminarily approved for $34,000,000);

r. *Lemieux v. EZ Lube, Inc. et al.*, 12-cv-01791-BAS-JLB (S.D. Cal.) (finally approved for $479,364);

s. *Knutson v. Schwan's Home Service, Inc. et al.*, (finally approved for $2,535,280); and,

t. *Hooker v. Sirius XM Radio Inc.*, 4:13-cv-00003-AWA-LRL (E.D.Va. December 22, 2016) (finally approved TCPA class action

settlement with a monetary fund of $35,000,000; ruling on fee petition is pending).

34. Many the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the tens of millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Hyde & Swigart in successfully prosecuting complex class actions.

### ADDITIONAL RELEVANT TRAINING, SPEAKING AND TEACHING ENGAGEMENTS AND ASSOCIATIONS

35. I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:
    a. National Consumer Law Conference; Oakland, CA – 2003;
    b. National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;
    c. National Consumer Law Conference; Boston, MA – 2004;
    d. Five-day extensive one-on-one training with The Barry Law Office; San Diego, CA –2005;
    e. Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005;
    f. Four-day extensive one-on-one training with The Barry Law Office; Minneapolis, MN – 2005;
    g. Four-day National Association of Consumer Advocates Conference; Minneapolis, MN – 2005;
    h. Four-day National Consumer Law Center Conference; Nashville, TN –2008;
    i. Three-day National Consumer Law Center Conference; Portland, OR -2008;

j. Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

k. Speaker ABA/JAG presentation to military service members and counsel; MCRD, San Diego CA – 2010;

l. Speaker ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

m. Three-day National Consumer Law Center Conference; Seattle, WA -2011;

n. Two-day FDCPA Mini-Conference; New Orleans; LA - 2012;

o. Two-day National Consumer Law Center Conference on the FDCPA; Seattle, WA - 2012;

p. National Consumer Law Center Conference, National Convention; Balitmore, MD - 2013;

q. Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA - 2013;

r. Speaker National Consumer Law Center; Nuts and Bolts of TCPA Litigation; San Antonio, TX - 2014;

s. Speaker San Diego County Bar Association; Convergence of the FDCPA and Consumer Bankruptcy; San Diego, CA - 2014;

t. Guest Speaker at California Western School of Law; Consumer Law class - 2014;

u. 8th Annual Class Action Seminar; San Francisco, CA – 2014;

v. Speaker regarding class actions at the NCLC National Conference held in Anaheim, CA in 2016.

w. Speaker regarding ethical issues at a Two-day FDCPA Conference; New Orleans; LA - 2017;

36. I am a member in good standing of the following local and national associations:

    a. National Association of Consumer Advocates;

    b. Federal Bar Association, Southern District of California Chapter;

    c. San Diego County Bar Association;

    d. Riverside County Bar Association;

    e. San Bernardino County Bar Association;

    f. Enright Inns of Court (2011-2014);

    g. American Association for Justice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was signed on January 2, 2018 at San Diego, California.

**Hyde & Swigart, APC**

By: _____
Joshua B. Swigart
Attorney for the Plaintiff