UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA MUIR,<br><br>                      Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS,<br>LLC,<br><br>                    Defendant. | Case No.: 16-CV-3049-JLS (BGS)<br><br>**ORDER DENYING PLAINTIFF'S**<br>**REQUEST FOR DAMAGES**<br><br>(ECF No. 12) |

Plaintiff filed a Complaint against Defendant National Credit Adjusters, LLC alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Electronic Fund Transfer Act ("EFTA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Plaintiff then moved for default judgment on all three claims. (ECF No. 7.)

On June 29, 2018, the Court granted in part and denied in part Plaintiff's motion for default judgment. (ECF No. 10.) Specifically, the Court entered judgment in favor of Plaintiff for her EFTA claim, but denied her request for default judgment for her FDCPA and RFDCPA claims. In addressing Plaintiff's request for damages for the EFTA claim, the Court found "Plaintiff has not sufficiently detailed why she alleges she is entitled to maximum statutory damages, nor has she provided any information or background

regarding her request for actual damages." (*Id.* at 17.) The Court permitted Plaintiff to file additional documentation with the required support for her requested damages and also permitted Plaintiff to file an amended complaint. (*Id.* at 18.) Plaintiff has filed both a supplemental brief and an amended complaint.

In Plaintiff's supplemental brief, she argues why she should be awarded the maximum amount of statutory damages under the RFDCPA and FDCPA. Plaintiff does not address damages under the EFTA. The Court did not grant Plaintiff default judgment for her RFDCPA and FDCPA claims, thus, it is unclear why Plaintiff now argues she is entitled to damages for these claims. The Court has only granted Plaintiff default judgment for her EFTA claim. Plaintiff does not request damages for this claim in her supplemental brief; the Court **DECLINES** to award Plaintiff any damages at this time.

Should Plaintiff wish to proceed with this case, she must move for default judgment on her second amended complaint.[1]

**IT IS SO ORDERED.**

Dated: August 16, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[1] No service of the amended complaint is required on a party who is in default unless the complaint asserts a new claim for relief. Fed. R. Civ. P. 5(a)(2). If Plaintiff's amended complaint does not assert a new claim for relief, Plaintiff is not required to serve her amended complaint. *Id.; see also Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13CV1395-GPC BLM, 2014 WL 6810663, at *3 (S.D. Cal. Dec. 2, 2014) (citing *JBR, Inc. v. Cafe Don Paco, Inc.*, No 12cv2377-JD, 2014 WL 5034292, at *1 (N.D. Cal. Sept. 30, 2014)).